# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| New York Community Bank, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> Sherman Avenue Associates, LLC, *et al.*, <br><br> Respondents. | Miscellaneous Action No. 11-0083 (BAH) <br> Judge Beryl A. Howell |

## MEMORANDUM OPINION

New York Community Bank and trustees Bryn Sherman and John Raftery[1] (hereinafter the "petitioners") have filed a petition requesting that five legal entities be placed under receivership. According to the petitioners, these entities are in default of certain loan agreements, which are secured by real property in the District of Columbia upon which the petitioners intend to foreclose. The petitioners have not filed a Complaint containing claims for breach of contract, seeking foreclosure, or asserting other causes of action. Rather, the petitioners request appointment of a receiver as a separate form of relief, independent of any other claim. Appointment of a receiver in this context, however, is not appropriate. The petitioners' request to appoint a receiver for the respondent entities is therefore denied, and the petitioners' other motions filed in this case, namely their motions to substitute petitioners and for an expedited hearing, are consequently denied as moot.

---

[1] The petitioner appointed Bryn Sherman and John Raftery as Substitute Trustees under the Deeds of Trust for the properties involved in this action. Pet'rs' Verified Pet. For the Immediate Appointment of Receiver, ECF No. 1, ¶ 1.

1

## I. BACKGROUND

On June 30, 2006, New York Community Bank (hereinafter "the Lender") entered into five separate loan agreements with five separate legal entities: Sherman Avenue Associates, LLC; Patton Arms, LLC; Lincoln Road Associates, LLC; Caesar Arms, LLC; and Pitch Apartments, Inc. (hereinafter "the respondents"). Pet'rs' Verified Pet. For the Immediate Appointment of Receiver, ECF No. 1 (hereinafter "Petition"), ¶¶ 2-6. The loans to the respondents total, in aggregate, over $17 million.[2] *Id.* at ¶¶ 11, 22, 34, 46, 58. Each agreement contained, *inter alia*, a security agreement, a collateral assignment of leases and rentals, and a deed of trust, which collectively provided the Lender with various protections, including security interests in real property located in the District of Columbia,[3] as well as security interests in all fixtures, chattels, and personal property on these sites; and the assignment of rents and leases. *Id.* at ¶¶ 12, 23, 35, 47, 59. Although the respondents are separate legal entities that entered into separate loan agreements with the Lender, the petitioners state that three of the five respondents – respondents Sherman Avenue Associates, LLC; Lincoln Road Associates, LLC; and Caesar Arms, LLC – "are managed by Scott M. Herrick, in his personal capacity, and Tenacity Fleetwood, LLC." *Id.* at ¶¶ 7, 69. Additionally, petitioners allege that all of the respondents,

---

[2] Specifically, the Lender entered into a loan agreement with Respondent Sherman Avenue Associates, LLC for a principal amount of $1.615 million; Patton Arms, LLC for a principal amount of $2.46 million; Lincoln Road Associates, LLC for a principal amount of $4.745 million; Caesar Arms, LLC for a principal amount of $5.64 million; and Pitch Apartments, Inc. for a principal amount of $3.15 million. Petition, ¶¶ 11, 22, 34, 46, 58.

[3] Respondent Sherman Avenue Associates, LLC secured its loan with real property located at 3308/3312 Sherman Avenue, N.W., Washington, D.C. 20010. Petition, ¶ 13. Respondent Patton Arms, LLC secured its loan with real property located at 5010 Southern Avenue, S.E.; and 5066/5078 Benning Road, S.E., Washington, D.C. 20019. *Id. at* ¶ 24. Respondent Lincoln Road Associates, LLC secured its loan with real property located at 2315/2321 Lincoln Road, N.E., Washington, D.C. 20002. *Id. at* ¶ 36. Respondent Caesar Arms, LLC secured its loan with real property located at 3435 Holmead Place, N.W., Washington, D.C. 20010. *Id. at* ¶ 48. Respondent Pitch Apartments, Inc. secured its loan with real property located at 1430 W Street, N.W., Washington, D.C. 20009. *Id. at* ¶ 60.

"upon information and belief, [] have common ownership."[4] *Id.* at ¶ 8.

According to the petitioners, the respondents are in default of their respective loan agreements "beyond any applicable cure period" and the Lender has therefore accelerated each respondent's loan. *Id.* at ¶¶ 18, 29, 41, 53, 65. Along with attorney's fees and interest, the petitioners claim that the respondents owe, in aggregate, over $20 million.[5] *Id.*

On February 23, 2011, the petitioners commenced the instant proceeding by filing a petition, which was denominated by the Clerk as a "miscellaneous" matter, requesting that the respondents be placed under receivership.[6] The petitioner did not file a Complaint, as specified under Federal Rule of Civil Procedure 3 ("A civil action is commenced by filing a complaint with the court."), delineating causes of action against a party or claims for relief. Rather, the initiating document for this proceeding was the petition for appointment of a receiver itself.

On April 4, 2011, the respondents filed an opposition to the petition to appoint a receiver, arguing, *inter alia*, that the Lender no longer has standing to seek relief because it "sold and assigned all of its right, title and interest in, under and to" the loan agreements. Resp'ts' Mem. Opp'n Pet., ECF No. 15, at 1. The petitioners did not file a reply in support of their petition to appoint a receiver, and therefore did not directly respond to this claim. On April 14, 2011, however, the petitioners filed a Motion for Substitution of Petitioners, stating that the Lender had assigned its interests under the loan agreements to five entities, and requested that 3308 Sherman

---

[4] The respondents deny this characterization, but the Court need not evaluate the merits of this claim for present purposes. Resp'ts' Mem. Opp'n. Pet., ECF No. 15, at 3-5.

[5] As of February 10, 2011, the petitioners claim that respondent Sherman Avenue, LLC's outstanding balance is $1,949,208.89; respondent Patton Arms, LLC's balance is $2,906,731.20; respondent Lincoln Road Associates, LLC's balance is $5,592,848.51; respondent Caesar Arms, LLC's balance is $ 6,719,056.73; and respondent Pitch Apartments, Inc.'s balance is $3,714,519.74. Petition, ¶¶ 18, 29, 41, 53, 65.

[6] The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), which grants federal courts original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000. The Lender, New York Community Bank, is incorporated and has its principle place of business in New York. Petitioner trustees Bryn Sherman and John Raftery are alleged to be citizens of Maryland. The respondents are all alleged to be limited liability companies organized and existing under District of Columbia law. Petition, ¶¶ 2-6.

Avenue, LLC; 1430 W Street, LLC; 3435 Holmead Place, LLC; 5066 Benning Road, LLC; and 2314 Lincoln Road, LLC be substituted as petitioners, and Jason A. Pardo and Russell S. Drazin be substituted as trustees pursuant to Federal Rule of Civil Procedure 25(c). ECF No. 18. This motion, and the petitioners' motion for an expedited hearing, ECF No. 2, are also pending before the Court, along with the underlying petition to appoint a receiver.

Having considered the petition to appoint a receiver for the respondents, as well as the respondents' opposition, the Court concludes that appointment of a receiver is inappropriate because there is no underlying cause of action to support the requested relief. The Court therefore denies the petition to appoint a receiver, and further denies as moot petitioners' motion for an expedited hearing. Substitution of the petitioners in this proceeding would not alter the Court's ultimate denial of the petition to appoint a receiver, and the Court therefore also denies as moot the motion to substitute petitioners.

## II. STANDARD

Federal law governs the appointment of a receiver in cases where jurisdiction is based on diversity. *Canada Life Assur. Co. v. LaPeter,* 563 F.3d. 837, 842-43 (9th Cir. 2009) (federal law governs appointment of a receiver in diversity cases); *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1291-92 (11th Cir. 1998) (same); *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993) (same). Under the Federal Rules of Civil Procedure, appointment and administration of receiverships "must accord with the historical practice in federal courts or with a local rule." FED. R. CIV. P. 66.[7] The Federal Rules provide courts with no other guidance. *See S.E.C. v. Vescor Capital Corp.*, 599 F.3d 1189, 1194 (10th

---
[7] Federal Rule of Civil Procedure 66 states: "These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order."

Cir. 2010). The authority to appoint a receiver, however, derives from the district court's inherent powers as a court of equity, and therefore the court has "broad powers and wide discretion" in determining whether a receivership is appropriate.[8] *Id.* at 1193 (citing *S.E.C. v. Safety Fin. Serv., Inc.,* 674 F.2d 368, 372-73 (5th Cir.1982) and *S.E.C. v. Lincoln Thrift Ass'n,* 577 F.2d 600, 609 (9th Cir. 1978)).

The appointment of a receiver is not a matter of right. It is an "extraordinary equitable remedy" and should be granted with "caution." *Canada Life Assur. Co.,* 563 F.3d. at 844 (quoting *Aviation Supply Corp.*, 999 F.2d at 316 (appointment of a receiver only justified in "extreme situations")); *see also Resolution Trust Corp. v. Fountain Circle Assocs. Ltd. P'ship*, 799 F. Supp. 48, 50 (N.D. Ohio 1992) (receivership should be appointed only in "cases of clear necessity to protect plaintiff's interests in the property"). The court may appoint a receiver as an ancillary, provisional action in connection with a pending matter, but "a federal court of equity will not appoint a receiver where the appointment is not ancillary to some form of final relief []." *Gordon v. Washington,* 295 U.S. 30, 38-39 (1935). This is because appointment of a receiver "is not an end in itself." *Kelleam v. Maryland Cas. Co. of Baltimore, Md.,* 312 U.S. 377, 381 (1941) ("a receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity."). "[The Supreme Court] has frequently admonished that a federal court of equity should not appoint a receiver where the appointment is not a remedy auxiliary to some primary relief which is sought and which equity may appropriately grant." *Id.* (internal quotations and citation omitted); *see also Gordon*, 295 U.S. at 37 ("[T]here is no occasion for a

---

[8] Courts consider a number of factors when deciding whether to appoint a receiver, including: the inadequacy of the security to satisfy the debt; the financial position of the debtor; fraudulent conduct on defendant's part; inadequacy of legal remedies; imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; probability that harm to the moving party by denial of appointment would outweigh injury to parties opposing appointment; probability of the moving party's success in the action and the possibility of irreparable injury to its interest in the property; and whether the moving party's interests sought to be protected will in fact be well-served by receivership. *Brill & Harrington Invs. v. Vernon Sav. & Loan Ass'n*, 787 F. Supp. 250, 253-54 (D.D.C. 1992).

court of equity to appoint a receiver of property of which it is asked to make no further disposition.").

**III.     DISCUSSION**

The petitioners allege that the respondents failed to make their loan payments, failed to turn over rents, and are in default of their respective loan agreements, which entitles the Lender to foreclose on the properties that serve as collateral for the loans. Petition, ¶ 74. Pending foreclosure of these properties, the petitioner seeks to appoint a receiver for the respondents "to protect the assets and rights of the Lender against the actions of the Respondents to prevent spoliation and fraud, and to manage and preserve real estate that the Respondents have pledged to the Lender." *Id.* at ¶ 73. Moreover, according to the petitioners, the loan agreements between the Lender and the respondents contain a provision authorizing the appointment of a receiver to "collect rents and to administer the collateral pending a sale of the Lender's collateral." *Id.* at ¶ 76.

Despite the petitioners' claims that the respondents are in default of their loan agreements, the petitioners have not filed a breach of contract action or otherwise moved to foreclose on the properties securing the loan agreements. The petitioners state that "the Lender *intends* to foreclose" on the deeds of trust executed along with each loan agreement, but the Lender has not done so. *Id.* at ¶ 71. (emphasis added). Rather, the Court is presented only with the petitioners' request for appointment of a receiver, which stands independent of any other claim and is sought as the sole and primary relief.

Given the procedural posture of the petitioners' request, the Court must deny the petitioners' request to appoint a receiver. Appointment of a receiver is an ancillary equitable remedy that can be granted only in connection with a pending case or other cause of action. *See*

*Kelleam*, 312 U.S. at 381 ("a federal court of equity should not appoint a receiver where the appointment is not a remedy auxiliary to some primary relief which is sought . . . ."). Indeed, the petitioners rely on *Brill & Harrington Investments v. Vernon Savings & Loan Association*, 787 F. Supp. 250 (D.D.C. 1992), as authority for appointment of a receiver but seemingly ignore the salient point that the "borrower in that case *filed a lawsuit*," which was the basis for the court's appointment of a receiver. Pet'rs' Mem. Supp. Pet., at 4 (emphasis added). The petitioners do not assert a cause of action; indeed the Court cannot even refer to this proceeding as a "case" because the petitioners have not filed a Complaint.[9] *See* FED. R. CIV. P. 3. The allegations may be true that the respondents are in default of their loan agreements, that a receivership is necessary to prevent spoilage, and that the respondents consented to the appointment of a receiver in their respective loan agreements. The Court does not reach the merits of these arguments, however, because the Court will not appoint a receiver, regardless of the justification, when it is sought as the primary form of relief.

The Court denies the petitioners' request to appoint a receiver for the respondent entities and consequently denies as moot the petitioners' motion for an expedited hearing on the matter. The Court further denies as moot the petitioners' motion to substitute petitioners. Substitution of petitioners would not alter the procedural posture of the petition before the Court, which necessitates denial of the requested relief. The decision to grant or deny the request to substitute petitioners is therefore inconsequential to the ultimate disposition of the case.

## IV. CONCLUSION

For the foregoing reasons, the petition to appoint a receiver is denied and the petitioners' motion for an expedited hearing is denied as moot. The petitioners' motion to substitute

---

[9] Even if the Court construed the petition as a Complaint, the petitioners assert no cause of action or claim for relief aside from the appointment of a receiver for the respondent entities. *See Gordon,* 295 U.S. at 38 ("[A] federal court of equity will not appoint a receiver where the appointment is not ancillary to some form of final relief [].").

petitioners is also denied as moot. An Order consistent with this Memorandum Opinion will be entered.

**DATED: MAY 17, 2011**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge